[No. C011792. Third Dist. Apr. 27, 1992.]

CAPITOL CITY FOODS, INC., Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
MARY T., a Minor, Real Party in Interest.

## COUNSEL

Downey, Brand, Seymour & Rohwer, Barbara A. Morris and Daniel J. McVeigh for Petitioner.

No appearance for Respondent.

Jones, Clifford, McDevitt, Naekel & Johnson, Kathy Felch and Kenneth G. Johnson for Real Party in Interest.

## OPINION

**MARLER, J.**—This case raises the issue of an employer's liability for sexual harassment due to the conduct of a supervisory employee while off duty and not at the workplace. The superior court granted defendant Capitol City Foods, Inc.'s motion for summary judgment on all remaining causes of action in plaintiff Mary T.'s lawsuit except the first cause of action for sexual harassment. Defendant petitioned this court for a writ of mandate directing the trial court to grant the motion for summary judgment in its entirety. Defendant contends the undisputed facts reveal an insufficient nexus between the supervisor's conduct and his employment to hold the employer liable. We shall order that the writ issue.

### FACTUAL AND PROCEDURAL BACKGROUND

Mary T. began working at defendant's Burger King franchise in January of 1989. Vernon Johnson was the night shift supervisor. On January 29, Mary and a coworker asked Johnson to go with them for a drink. Johnson could not go then, but suggested another time. Mary and Johnson made arrangements to go out on the 31st. They both believed the coworker would accompany them. Neither Johnson nor Mary was scheduled to work that day, but unbeknownst to Johnson, Dan Singh had changed the schedule and scheduled Mary to work that day at 5 p.m. At that time Mary was still in training and had a flexible schedule as she learned the job alongside more experienced workers. On January 31, as arranged, Johnson picked up Mary, who was in her Burger King uniform, at a grocery store at 4 p.m.; the coworker did not show up. They drove around for 45 minutes, during which time Johnson made two phone calls. He called the Burger King and told Dan Singh that he should not have changed the schedule without Johnson's approval and that if Mary wanted to work she would come in late. He also called his parents' house. Johnson took Mary to his parents' house, where they had sexual intercourse. Johnson then dropped Mary off at an auto repair store, and he went to the Burger King. The next day Mary told the manager what had happened, and quit shortly thereafter.

Mary filed a complaint for sexual harassment, a form of sex discrimination with the Department of Fair Employment and Housing; she received a letter informing her of her right to sue.

A lawsuit was filed by Mary, her three brothers and their mother as guardian ad litem. Named as defendants were Capitol City Foods, Inc., Burger King, Inc., and Vernon Johnson and his parents.[1] Seven causes of action were stated against Capitol City Foods, Inc. (hereafter defendant): (1) sexual harassment; (2) intentional infliction of emotional distress; (3) misrepresentation; (4) promissory fraud; (5) negligent employment; (6) assault and battery; and (7) negligent infliction of emotional distress. The complaint also sought punitive damages.

The first cause of action alleged there was unlawful discrimination on the basis of sex (sexual harassment) against Mary, which included requiring her "to work in an intimidating, hostile and offensive environment." The primary factual allegation to support this cause of action read: "On January 31, 1989, defendant Johnson, abusing his position of authority as shift manager and supervisor of plaintiff Mary [T.], instructed plaintiff Mary [T.], who was dressed in her Burger King uniform and about to enter the premises at 2335 Florin Road, Sacramento, California, to report to her regularly assigned shift, to get into his car and accompany her [sic] to his residence. Defendant Johnson advised her he had made arrangements so that she would not have to punch in on the time clock at work at that time. Defendant Johnson thereupon transported plaintiff Mary [T.] to his residence at 3445 Gates Way, Sacramento, California 95832 and raped her." The complaint further alleged Mary was required to then work in the presence of Johnson although he was a known sexual harasser.

Plaintiffs dismissed the seventh cause of action and judgment on the pleading was granted on the second and sixth causes of action.

Defendant moved for summary judgment or in the alternative summary adjudication of the issues on the remaining causes of action. The ground as to the first cause of action was that Johnson was not acting as Capitol City's agent when the alleged rape occurred. Defendant asserted that under *Meritor Savings Bank* v. *Vinson* (1986) 477 U.S. 57, 72 [91 L.Ed.2d 49, 63, 106 S.Ct. 2399] agency principles should be applied in sexual harassment cases.

Defendant set forth 20 undisputed facts relating to the first cause of action. In addition to the facts of the incident related above, defendant indicated that prior to January 30, Johnson had not made any sexual advances towards Mary, asked her for a date, or indicated her job was conditioned upon sexual favors; she thought he was a good manager. Further, while driving around on the 31st, Johnson did not mention having sex;

---

[1] The trial court granted Burger King, Inc.'s motion for summary judgment. Only Capitol City Foods, Inc., is a party to this appeal.

and, at least until they were in his bedroom, Mary did not object to being with him, nor did Johnson do or say anything that indicated coercion. Defendant had policies against sexual harassment and prohibiting dating among employees. Johnson was aware of the policy against dating, but he did not think it was his employer's business whom he dated on his own time. These facts were supported by excerpts of depositions of Mary and Johnson.

Plaintiff opposed the motion for summary judgment on the grounds that Johnson's conduct was within the scope of his employment and agency principles did not apply under the Fair Employment and Housing Act (Gov. Code, § 12900 et seq., hereafter referred to as the Act). She disputed only two facts relating to the first cause of action, and only disputed those in part. Plaintiff asserted Johnson had additional duties than those stated and that he assured Mary's mother regarding the safety of the Burger King. The only evidence offered in opposition was a document purported to be a transcript of an interview with a coworker that had been transcribed by plaintiff's counsel.

Defendant objected to this evidence on several grounds, including hearsay and lack of foundation. Defendant contended the case was subject to a two-step analysis. First, it must be determined if Johnson was acting within the ambit of the employer-employee relationship. Only then was the employer strictly liable.

The superior court granted the motion as to the third, fourth, and fifth causes of action and as to punitive damages. The court denied the motion as to the first cause of action, stating: "It is undi[s]puted that CAPITOL had a policy against employee dating (Facts 11, 12). This indicates that its interests are served by this prohibition. By its nature, dating is an off-premises activity. Since CAPITOL attempted to regulate off-premises activity and made it a part of its role as an employer, the court cannot find as a matter of law that violation of the rule is not foreseeable and not within the employment relationship." The court noted Johnson was a supervisor, not just another employee. The court stated that the statutory scheme recognizing sexual harassment as a workplace hazard broadened the analysis of agency; a different agency analysis was used under the Act than under common law. Government Code section 12940, subdivision (h) imposed liability on an employer for the acts of an agent or supervisor and it was undisputed Johnson was plaintiff's supervisor.

Defendant petitioned this court for a peremptory writ of mandate directing the superior court to set aside and vacate its order denying the motion for summary judgment and to enter an order granting the motion in its entirety,

or for an alternative writ ordering the trial court to take such action or to show cause why the writ should not be granted. This court issued an alternative writ of mandate; plaintiff and real party in interest Mary T. responded.

## DISCUSSION

The Act makes it an unlawful employment practice for an employer to harass an employee because of sex. (Gov. Code, § 12940, subd. (h).) For purposes of this subdivision an employer includes anyone acting as an agent of the employer, directly or indirectly. (*Ibid.*) Harassment by an employee other than a supervisor or an agent is unlawful only if the employer or agent knows or should know of the conduct and fails to take immediate corrective action. (*Ibid.*)

Regulations promulgated under the Act indicate that under the theory of respondeat superior, an employer is liable for harassment by supervisors, managers or agents committed within the scope of employment or the relationship with the employer. (Cal. Code Regs., tit. 2, § 7286.6, subd. (b).) Harassment is defined to include physical harassment, such as an assault. (Cal. Code Regs., tit. 2, § 7287.6, subd. (b)(1)(B).)

Defendant contends the court abused its discretion by failing to grant its motion for summary judgment on the first cause of action. Defendant argues before an employer can be held strictly liable for the harassing conduct of an employee, even one in a supervisory position, agency principles must first be applied. (See *Fisher* v. *San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 608 [262 Cal.Rptr. 842] [respondeat superior is an element of a prima facie case of environmental sexual harassment].) It contends the court erred by applying a broader concept of agency than that of the common law and that the court should have applied the agency analysis set forth in *John R.* v. *Oakland Unified School Dist.* (1989) 48 Cal.3d 438 [256 Cal.Rptr. 766, 769 P.2d 948]. Defendant urges there is a insufficient nexus between Johnson's conduct and his employment; since plaintiff failed to raise a triable issue of fact on this point, summary judgment should be granted.

In *John R.* the issue was whether a school district could be held liable under the doctrine of respondeat superior for the sexual assault committed by a teacher on a student at the teacher's apartment during an officially sanctioned extracurricular activity. ■ The court set forth the general principles of respondeat superior which hold an employer liable for the torts

of its employee, including willful and malicious torts, committed within the scope of employment. (48 Cal.3d at p. 447.) Whether an employee is acting within the scope of his employment is generally a question of fact; however, if the undisputed evidence would not support an inference that the employee was acting within the scope of his employment, it becomes a question of law. (*Ibid.*) The scope of employment is viewed broadly and may cover acts outside the ultimate object of employment; the employer is not liable, however, if the employee substantially departs from his duties for purely personal reasons. (*Ibid.*)

The plaintiffs in *John R.* urged an approach that would impose liability by looking not at whether the conduct was foreseeable, but at whether it was foreseeable that the employee might abuse his authority in such a manner. (48 Cal.3d at p. 448.) The court recognized the facts of the case could be made to fit a version of respondeat superior, but was unpersuaded that applying such version furthered the policy behind the doctrine. (*Id.* at p. 450.) This policy was three-part: (1) to spur accident prevention; (2) to provide greater assurance of compensation for accident victims; and (3) to provide assurance that accident losses will be distributed among the beneficiaries of the enterprises that entail them. (*Id.* at p. 451.)

Defendant recognizes that by declaring a policy against sexual harassment in the workplace, the Legislature has indicated such conduct is foreseeable. (Stats. 1984, ch. 1754, pp. 6403-6404.) However, defendant argues the undisputed evidence reveals an insufficent nexus between Johnson's conduct and his employment to permit the inference that his conduct arose in the course of his employment. Therefore, defendant asserts the issue must be determined in the negative as a matter of law. Defendant points to the undisputed facts that Johnson was off-duty during the incident, the parties agreed to the date, and there was no evidence Johnson used his authority as a supervisor to compel Mary's presence. She did not object to going with him and there was no evidence of coercion. The single fact that he made a phone call regarding her work schedule was insufficient to bring his conduct within the scope of employment.

Precedential decisions of the Fair Employment and Housing Commission have recognized that while the harassing conduct need not occur in the workplace, it must occur in a work-related context. "[W]hile the offending conduct may and often does occur at the place of work, it need not. Unwelcome sexual conduct perpetrated by an agent, supervisor, or co-worker, which occurs elsewhere but is in some fashion work-related also constitutes sexual harassment within the meaning of the Act." (*DFEH* v. *Huncot Properties* (Dec. 15, 1988) FEHC Dec. No. 88-21, at p. 8.) Where a

supervisor exerted and exploited his authority to compel an employee's attendance at several meals away from the office, the use and abuse of his supervisory status was sufficient to bring his sexually harassing conduct outside of the workplace within the ambit of the Act. (*DFEH* v. *Bee Hive Answering Service* (June 7, 1984) FEHC Dec. No. 84-16, at p. 19.)

Further, the commission has applied common law agency principles to determine whether sexually harassing conduct was work-related. In *DFEH* v. *Hart and Starkey, Inc.* (Sept. 14, 1984) FEHC Dec. No. 84-23, the employer disavowed liability for acts of an employee while off duty but on the premises. In finding the employer liable, the commission relied on the agency analysis in *Rodgers* v. *Kemper Constr. Co.* (1975) 50 Cal.App.3d 608 [124 Cal.Rptr. 143]. (*DFEH* v. *Hart and Starkey, Inc., supra*, at p. 28.) In *Rodgers* the court stated an employer was liable for risks inherent in or created by the enterprise. (50 Cal.App.3d at p. 618.) For social pursuits on the premises after work, an employer was liable if (1) it endorsed the activity by express or implied permission and (2) the activity was conceivably of some benefit to the employer or was a customary incident of the employment relationship. (*Id.* at p. 620.)

Plaintiff alleged Johnson was acting under his authority as shift manager and supervisor at the time of the harassment. The undisputed evidence, however, negated plaintiff's allegations that Johnson abused his authority by instructing Mary to accompany him. It was undisputed that Mary agreed to meet and accompany Johnson. Nor did she dispute that until she and Johnson entered his bedroom she did not object to being with him and he did or said nothing to indicate coercion.[2]

Plaintiff contends the nexus between Johnson's conduct and employment is "overwhelming." She argues "but for" his position as her supervisor, the rape would not have occurred. Even assuming this speculative assertion were

---

[2] In her deposition Mary said Johnson never told her she had to go out with him. When asked if he ever told her her job depended on her going out with him, she responded: "While he was raping me, yes." Under common law agency principles, a principal is liable for the torts of his agent if the agent was aided in accomplishing the tort by the existence of the agency relationship. (Rest.2d Agency, § 219, subd. (2)(d).) Under this theory of agency an employer may be liable when a supervisory employee uses the authority of his position to sexually harass an employee. (See *Hicks* v. *Gates Rubber Co.* (10th Cir. 1987) 833 F.2d 1406, 1417-1418; *Sparks* v. *Pilot Freight Carriers, Inc.* (11th Cir. 1987) 830 F.2d 1554, 1559-1560.) In this case plaintiff does not rely on this statement to support her claim of sexual harassment; she does not raise it to dispute any of defendant's asserted undisputed facts. Indeed, it is inconsistent with her case; the only alleged acts of sexual harassment were compelling her to accompany Johnson (which was refuted by her own statements) and the act of rape; she did not allege the harassment was conditioning her job upon a demand for sexual favors.

true, plaintiff must establish Johnson was acting within the scope of his employment or as defendant's agent. To show a sufficient nexus plaintiff points to the following: the "date" was arranged in Johnson's office; when he picked her up she was in her Burger King uniform; and he exercised his authority to excuse her from work so she could be with him, facilitating the rape. This argument overlooks the fact that defendant conclusively refuted the allegation Johnson forced plaintiff to accompany him or coerced her in any way prior to entering his bedroom. In light of this refutation Johnson's phone call to Burger King to excuse Mary from work is insufficient to support an inference that Johnson was acting within the scope of his employment or as the agent of defendant.

Plaintiff relies on the recent case of *Mary M.* v. *City of Los Angeles* (1991) 54 Cal.3d 202 [285 Cal.Rptr. 99, 814 P.2d 1341] to support the denial of summary judgment. In *Mary M.* the high court held a public entity can be held liable under the doctrine of respondeat superior when a police officer on duty misuses his authority and rapes a woman he has detained. (*Id.* at p. 207.) Plaintiff argues the principles in *Mary M.* apply here. *Mary M.* was decided primarily on the basis that "[p]olice officers occupy a unique position of trust in our society" and act with the authority of the state, a "formidable power," that is challenged only at one's peril. (*Id.* at pp. 206, 221.) Nothing in the opinion imposes liability on a private employer for the acts of its supervisory employee while off-duty and acting on his own.

Finally, plaintiff contends there remains a triable issue of fact whether defendant's policy against sexual harassment and employee dating was enforced. Plaintiff has failed, however, to show how such fact is material to the case, nor do we perceive how enforcement or the lack thereof affects the issue of respondeat superior. ■ Only a triable issue of material fact will defeat a motion for summary judgment. (Code Civ. Proc., § 437c, subd. (c).)

DISPOSITION

Let a peremptory writ of mandate issue directing the respondent superior court to vacate its order denying defendant's motion for summary judgment on the first cause of action, and to enter a new order granting such motion. The alternative writ we previously issued is discharged, and the stay we previously issued is vacated upon our decision herein becoming final. Defendant shall recover its costs of this writ proceeding from real party in interest.

(*Oksner* v. *Superior Court* (1964) 229 Cal.App.2d 672, 290 [40 Cal.Rptr. 621].)

Puglia, P. J., and Nicholson, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied July 16, 1992. Mosk, J., was of the opinion that the petition should be granted.