[Crim. No. 4038.   In Bank.—November 17, 1936.]

THE PEOPLE, Respondent, v. GARVIN FOSS, Appellant.

William W. Larsen, W. Frank Shelley and Franklin P. Bull for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

WASTE, C. J.—Defendant was charged with and convicted of grand theft, the accusation stating that the amount involved was $254.50. He appeals from the judgment and from the order denying a new trial.

Appellant and four other individuals formed an association to be known as the Pasadena Stage and Screen Club, appellant being executive secretary and chairman of the entertainment committee. The by-laws of the organization expressly provided that no member of the organization should receive compensation for any work performed for the club. The club decided to put on a show, and appellant was given exclusive charge of securing the entertainment and selling tickets. He hired women solicitors to sell tickets for one dollar each, the solicitors to receive twenty-five per cent commission on all sales. The women turned over to appellant the money collected, and the charge is that he converted a portion thereof to his own use.

Appellant's first contention on the law is that, being a member and officer of the club—whether the club was a partnership or joint adventure—he is one of the owners thereof and that, as such, he cannot steal or embezzle from himself. The rule that a partner cannot steal from the partnership is, of course, well settled, and while a partnership is in many respects a joint adventure, in the present case the five members who joined in the enterprise were not to receive any compensation or profit from the enterprise. The profits or proceeds from the sale of the tickets for the performance to be given were primarily for the erection of or securing a clubhouse. It therefore appears that appellant was neither a partner nor one engaged with others in a joint enterprise. He falls within the definition of an "Agent", given in section 2295 of the Civil Code as "one who represents another, called the principal, in dealings with third persons". In the transactions here complained of, and of which appellant was guilty, he was acting for and representing the Pasadena Stage and Screen Club. It has been found that he fraudulently appropriated money rightfully intended for, and the property of, the club, and he was guilty of embezzlement as defined in sections 503 and 504 of the Penal Code.

A further contention of appellant is that no demand was made on him for an accounting or for payment of the money received for the sale of the tickets. No demand was necessary. (*People* v. *Goodrich,* 142 Cal. 216 [75 Pac. 796]; *People* v. *Hill,* 2 Cal. App. (2d) 141, 157 [37 Pac. (2d) 849].)

Appellant's general allegation that the court erred in refusing to give certain requested defense instructions, supported neither by argument nor by citation of authority, will not be considered by the appellate court. (*Bradley* v. *Butchart,* 217 Cal. 731, 747 [20 Pac. (2d) 693].)

Appellant complains that certain instructions given by the trial court were, in fact, comment by the court upon the evidence, and therefore violative of his rights under the Constitution. The comment of this court in *People* v. *De Moss,* 4 Cal. (2d) 469, 476 [50 Pac. (2d) 1031], disposes of the contention.

Our examination of the entire record in this cause confirms the verdict of the jury. Finding no error at law in the cause, the judgment and order are affirmed.

Edmonds, J., *pro tem.,* Curtis, J., Langdon, J., Thompson, J., Shenk, J., and Seawell, J., concurred.

Rehearing denied.