Filed 5/31/24  Hooters of America, LLC v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| HOOTERS OF AMERICA, LLC, | |
| Petitioner, | E082896 |
| v. | (Super.Ct.No. RIC2003305) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| ARLENE GARCIA et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Godofredo Magno, Judge.  Petition denied.

Ogletree, Deakins, Nash, Smoak & Stewart, Mark F. Lovell and Carlos Bacio for Petitioner.

No appearance for Respondent.

Perona, Langer, Beck & Harrison, Alvin Chang, Todd Hamilton Harrison, Jennifer S. Baskaron and Brennan S. Kahn for Real Parties in Interest.

## I. INTRODUCTION

In this writ proceeding, defendant and petitioner Hooters of America, LLC (HOA) challenges the trial court's order denying its motion for summary adjudication of two causes of action in a civil complaint alleging violations of the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12920 et seq.)[1] brought by plaintiffs and real parties in interest Arlene Garcia (Garcia) and Brandi Smith (Smith). Plaintiffs alleged they were subjected to various acts in violation of the FEHA while employed as servers in a restaurant jointly owned and operated by HOA; MS Foods, LLC (MS Foods); and Mahmood Saifie (Saifie).[2]

In December 2023, the trial court granted a motion for summary adjudication in favor of HOA with respect to eight causes of action alleged in the operative complaint on the basis that HOA was a franchisor and, as a result, not vicariously liable for the acts or omissions of the other named defendants pursuant to *Patterson v. Domino's Pizza*, *LLC* (2014) 60 Cal.4th 474. However, the trial court denied summary adjudication on the 11th cause of action for aiding and abetting violations of the FEHA (§ 12940, subd. (i)), and on the 12th cause of action for violation of the unfair competition law (UCL) (Bus. &

---

[1] Undesignated statutory references are to the Government Code.

[2] MS Foods and Saifie are not parties to this writ proceeding.

2

Prof. Code, § 17200 et seq.). HOA petitions for a writ of mandate seeking to compel the trial court to vacate its order denying summary adjudication on these causes of action.

HOA argues the trial court erred because it "misapplied the law" by ruling that a franchisor may be held liable for aiding and abetting under the FEHA "based on the allegation the franchisor failed to take action by not terminating a franchise agreement." On this basis, we issued an order to show cause on HOA's petition. However, upon further review, we conclude that the record does not support HOA's characterization of its motion for summary adjudication or the trial court's order. Instead, the record shows that the trial court concluded that HOA's evidence failed to meet its initial burden as the moving party and denied summary adjudication on that basis. Upon review of the record, we agree with the trial court that HOA failed to satisfy its initial burden as the moving party seeking summary adjudication and, as a result, we deny HOA's writ petition.

## II. BACKGROUND

A. *Operative Complaint*

According to the operative complaint, plaintiffs were employed as servers in a restaurant owned and operated by HOA, MS Foods, and Saifie. Plaintiffs allege they were subjected to various forms of abuse and harassment in violation of the FEHA until they were terminated in 2020. Plaintiffs alleged that all named defendants were liable

3

under various theories of joint and vicarious liability in support of eight causes of action for direct violations of the FEHA.[3]

In addition, the 11th cause of action alleged that HOA was liable for aiding and abetting the other defendants' purported violations of the FEHA. Specifically, plaintiffs alleged that HOA provided "substantial assistance" to the other defendants in the commission of FEHA violations by: "(1) providing [MS Foods] with training, (2) providing [Saifie and MS Foods] with policies and/or procedures to follow to avoid legal liability, (3) providing [Saifie and MS Foods] with legal, administrative, human resources and/or investigatory support so to assist [MS Foods] in avoiding liability for unlawful acts in the workplace, (4) refusing to individually investigate complaints of harassment and/or retaliation it was placed on notice of despite its ability to and/or (5) refusing to exercise its rights to revoke [Saifie and MS Foods's] license as a franchisee despite its ability to per its franchise agreement . . . ."

Finally, the 12th cause of action alleged that defendants were also liable for violations of the UCL based upon their unlawful conduct in violation of the FEHA.

B. *HOA's Motion for Summary Judgment and/or Adjudication*

In September 2023, HOA filed a motion for summary judgment. HOA submitted a separate statement identifying 148 facts in support of this request, as well as an

---

[3] Specifically, both plaintiffs alleged causes of action for sexual harassment, failure to take reasonable steps to prevent sexual harassment, wrongful termination, retaliation, and negligent retention. Garcia also alleged three additional causes of action for disability discrimination, failure to accommodate, and failure to participate in the interactive process. Additional causes of action for assault and battery were also alleged, but only against Saifie.

4

appendix of exhibits consisting of hundreds of pages of evidentiary documents. As an alternative to summary judgment, HOA requested summary adjudication of three issues. The first issue identified in HOA's notice of motion was the essential element of duty with respect to the eight causes of action alleging direct or vicarious liability for violations of the FEHA. The second and third issues requested summary adjudication of the 11th cause of action for aiding and abetting violations of the FEHA and of the 12th cause of action for violation of the UCL. Despite identifying three distinct issues for adjudication, HOA's separate statement did not differentiate which facts supported adjudication of each issue, instead repeating verbatim the same 148 facts proffered in support of summary judgment and citing to the same evidence for each issue.

In its memorandum of points and authorities, HOA cited 20 of its 148 facts in support of its arguments regarding summary adjudication of the 11th cause of action for aiding and abetting violations of the FEHA. Specifically, HOA cited to facts setting forth that: (1) Smith never complained directly to HOA regarding any issues related to her employment; (2) Garcia submitted a complaint regarding her employment directly to HOA by calling a customer hotline; (3) Garcia submitted a second complaint directly to HOA through a website intended to receive customer feedback; (4) the website expressly directed employees to confirm whether they were employed by HOA or were employed by an independent franchisee, but also represented that HOA would "attempt to forward your comments to your employer" in the case of franchisee employees; (5) HOA's franchise business director received both of Garcia's complaints; (6) HOA's franchise business director forwarded both of Garcia's complaints to Saifie; (7) HOA's in-house

5

counsel responded directly to Garcia regarding her complaints, advising that she worked for an independent franchisee but that HOA would investigate her allegations; and (8) both Smith and Garcia resigned from their employment without further communication with HOA.

Plaintiffs opposed HOA's motion for summary judgment and each request for summary adjudication. In response to HOA's separate statement, plaintiffs conceded that HOA was a franchisor and that the restaurant location where plaintiffs worked was operated by MS Foods pursuant to a franchise agreement. Plaintiffs also conceded that Smith never communicated directly with HOA regarding any of her employment-related complaints. However, plaintiffs purported to dispute the majority of the 148 facts HOA claimed to be undisputed.[4] Plaintiffs also proffered 60 additional facts, which they claimed showed a triable issue precluding summary judgment or summary adjudication.

C. *Hearing and Order*

On December 12, 2023, the trial court held a hearing on HOA's motion. In advance of the hearing, the trial court issued an extensive tentative ruling, granting summary adjudication in favor of HOA on the issue of duty with respect to the eight causes of action for direct or vicarious liability for violations of the FEHA. However, the trial court denied the requests for summary adjudication of the 11th cause of action for aiding and abetting violations of the FEHA and of the 12th cause of action for violation of the UCL. With respect to these causes of action, the trial court concluded that HOA

---

[4] Specifically, plaintiffs purported to dispute 135 of the 148 facts offered by HOA.

6

had failed to meet its initial burden to present evidence to show it was entitled to judgment in its favor.

At the hearing, in response to the trial court's tentative ruling, HOA argued for the first time that it was entitled to judgment on the pleadings with respect to the 11th cause of action for aiding and abetting violations of the FEHA. Specifically, HOA now claimed that the sole theory of aiding and abetting liability alleged in the operative complaint was HOA's failure to act and that, "[i]f that's what it's based on, it fails as a matter of law even without any evidence." In response to this argument, plaintiffs noted that HOA's characterization of the pleading was inaccurate, and that the operative complaint specifically alleged proactive conduct as part of the factual basis for their 11th cause of action.

At the conclusion of the hearing, the trial court indicated it was unpersuaded by either party's argument, made no comments regarding the new ground for summary adjudication of the 11th cause of action raised by HOA, and adopted the tentative ruling as its final ruling on the motion. HOA filed a petition for writ of mandate, seeking review of the trial court's denial of summary adjudication on the 11th cause of action for aiding and abetting violations of the FEHA and on the 12th cause of action for violation of the UCL.

III. DISCUSSION

A. *Review on Petition for Writ of Mandate Is Appropriate*

As a preliminary matter, we disagree with plaintiffs' suggestion that the issues raised in HOA's petition do not warrant review by way of writ prior to entry of judgment.

7

"An order denying a motion for summary adjudication may be reviewed by way of a petition for writ of mandate. Where the trial court's denial of a motion for summary judgment will result in trial on nonactionable claims, a writ of mandate will issue. Likewise, a writ of mandate may issue to prevent trial of nonactionable claims after the erroneous denial of a motion for summary adjudication." (*Butte Fire Cases* (2018) 24 Cal.App.5th 1150, 1157.) Writ review of such orders may also be appropriate "when the order disposes of a large and important portion of the case and intervention by writ will substantially simplify future proceedings" (*Quidel Corp. v. Superior Court* (2020) 57 Cal.App.5th 155, 163) or "to 'obviate a duplicative expenditure of resources for the courts and the parties.' " (*Noe v. Superior Court* (2015) 237 Cal.App.4th 316, 324).

Here, HOA's petition presented questions which, if resolved in its favor, would have potentially precluded trial on a nonactionable claim and disposed of a large portion of the pending civil litigation. Further, despite our conclusion that HOA has not shown entitlement to relief on the merits, resolution of some of the legal issues presented by the parties will substantially simplify future proceedings and obviate the unnecessary expenditure of resources in the trial court. Thus, we disagree with plaintiffs' suggestion that we should deny relief simply on the basis that the issues raised in HOA's petition are not appropriate for review at this stage.

B. *Aiding and Abetting Liability Under the FEHA*

The central dispute in this writ proceeding involves only the 11th cause of action for aiding and abetting violations of the FEHA. While HOA also challenges the trial court's denial of summary adjudication on the 12th cause of action for violation of the

8

UCL, the parties concede, and we agree, that this cause of action is merely derivative of the 11th cause of action in the context of this case.[5]

In a summary adjudication proceeding, "[t]he law identifies the *kinds* of facts which are material to the case" (*Andalon v. Superior Court* (1984) 162 Cal.App.3d 600, 604), and material facts are those facts which "are criterial, are elements of a cause of action, and define the cause of action in the circumstances of the case" (*Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 884, fn. 6). Thus, we first determine the essential elements necessary to establish a cause of action for aiding and abetting in violation of the FEHA. (§ 12940, subd. (i).)

1. The Essential Elements of the Cause of Action

The FEHA " 'provides that it is an unlawful employment practice for "any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden" by the FEHA . . . .' " (*Reno v. Baird* (1998) 18 Cal.4th 640, 655; § 12940, subd. (i).) Unlike other provisions of the FEHA, the aiding and abetting provision applies to "any person" and

---

[5] The UCL is intended to provide "an equitable means through which both public prosecutors and private individuals can bring suit to prevent unfair business practices and restore money or property to victims of these practices." (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1150.) It "sets out three different kinds of business acts or practices that may constitute unfair competition: the unlawful, the unfair, and the fraudulent." (*Rose v. Bank of America*, *N.A.* (2013) 57 Cal.4th 390, 394.) A violation of the FEHA may constitute an "unlawful" practice giving rise to liability under the UCL. (*Herr v. Nestle U.S.A.*, *Inc.* (2003) 109 Cal.App.4th 779, 790.) However, when a plaintiff proceeds based upon conduct that is allegedly "unlawful," "[a] 'violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong.' " (*Graham v. Bank of America, N.A.* (2014) 226 Cal.App.4th 594, 610.) In this case, violations of the FEHA are the only alleged bases for liability under the UCL. And the trial court's summary adjudication order left aiding and abetting liability as the only possible basis to find HOA in violation of a provision of the FEHA.

"individuals and entities who are not the plaintiff's employer may be liable under FEHA for aiding and abetting the plaintiff's employer's violation of FEHA." (*Smith v. BP Lubricants USA Inc.* (2021) 64 Cal.App.5th 138, 146 (*Smith*).)

However, "[t]he FEHA does not provide a definition of 'aiding and abetting.' " (*Fiol v. Doellstedt* (1996) 50 Cal.App.4th 1318, 1325 (*Fiol*).) As such, courts have looked to the common law definition to define the essential elements for liability under the statute. (*Fiol*, at p. 1325; *Alch v. Superior Court* (2004) 122 Cal.App.4th 339, 389, fn. 48 (*Alch*) ["Because FEHA provides no definition of aiding and abetting, courts have used the common law definition . . . ."].) In doing so, the courts have generally concluded that a cause of action for aiding and abetting under the FEHA requires showing that: (1) the plaintiff's employer subjected the plaintiff to violations of the FEHA; (2) the defendant knew that the employer's conduct was in violation of the FEHA; and (3) the defendant gave "substantial assistance or encouragement" to the employer in violating the FEHA. (*Smith*, *supra*, 64 Cal.App.5th at p. 146; *Alch*, at p. 389.) " 'Additionally, causation is an essential element of an aiding and abetting claim, i.e., plaintiff must show that the aider and abettor provided assistance that was a substantial factor in causing the harm suffered.' " (*American Master Lease LLC v. Idanta Partners*, *Ltd.* (2014) 225 Cal.App.4th 1451, 1476 (*American*); *Navarrete v. Meyer*

(2015) 237 Cal.App.4th 1276, 1286 (*Navarrete*) [The encouragement or assistance must be " ' " 'a substantial factor in causing the resulting tort . . . .' " ' "].)[6]

2. The Element of Substantial Assistance

HOA does not dispute the essential elements of a cause of action for aiding and abetting liability under the FEHA. However, HOA argues in its petition, supporting memorandum, and traverse that "[i]naction . . . cannot, as a matter of law, be construed as providing substantial assistance," and the trial court erred to the extent it concluded that "inaction" can form the basis of aiding and abetting liability. We address this argument before evaluating the merits of HOA's summary adjudication motion because it presents a question of law that we review de novo. (*Cuiellette v. City of Los Angeles* (2011) 194 Cal.App.4th 757, 765 ["What plaintiff had to show in order to prevail on his FEHA claim is a question of statutory interpretation that we review de novo."]; *Atkins v. City of Los Angeles* (2017) 8 Cal.App.5th 696, 715 [same].) As we explain, HOA's proffered

---

[6] The parties point out that there is some ambiguity with respect to whether a showing of specific intent is also an essential element of a cause of action for aiding and abetting. We note that several published decisions have also acknowledged this ambiguity but have declined to resolve it. (See *Nasrawi v. Buck Consultants LLC* (2014) 231 Cal.App.4th 328, 345 [observing that "some cases suggest that a plaintiff . . . must plead specific intent to facilitate the underlying tort" but declining to definitively resolve the issue]; *Liapes v. Facebook, Inc.* (2023) 95 Cal.App.5th 910, 927 [same] (*Liapes*).) However, HOA did not address this purported element as a basis for granting summary adjudication in the trial court proceedings. Accordingly, we decline to resolve the question in this writ proceeding, as it cannot serve as the basis for granting or denying the relief requested in the petition. (*White v. Smule, Inc.* (2022) 75 Cal.App.5th 346, 364 ["Even if we may affirm a summary judgment on a ground not relied upon by the trial court, it must be a 'ground that the parties had an adequate opportunity to address in the trial court . . . .' "].)

11

interpretation of the substantial assistance element of a cause of action for aiding and abetting is overly broad and contrary to established case authority.

In making its argument, HOA principally relies on a statement taken from *Fiol* that "[m]ere knowledge that a tort is being committed and the failure to prevent it does not constitute aiding and abetting." (*Fiol*, *supra*, 50 Cal.App.4th at p. 1326.) The statement itself is not controversial and has been repeatedly cited as an accurate representation of the law. (See *Austin B. v. Escondido Union School Dist.* (2007) 149 Cal.App.4th 860, 879; *Contreras v. Dowling* (2016) 5 Cal.App.5th 394, 417, fn. 12.) However, the principle that a defendant is not liable for the mere failure to prevent another's tortious conduct is a far cry from the sweeping interpretation advanced by HOA that all omissions (i.e. "inaction") are categorically excluded as a basis for liability under an aiding and abetting theory.

The statement set forth in *Fiol* is drawn from the " 'general rule' " that " 'one owes no duty to control the conduct of another' " (*Fiol*, *supra*, 50 Cal.App.4th at p. 1326), and this " ' "no duty to aid rule" ' " is " 'a fundamental and long-standing rule of tort law . . . .' " (*Seo v. All-Makes Overhead Doors* (2002) 97 Cal.App.4th 1193, 1202-1203; *Brown v. USA Taekwondo* (2021) 11 Cal.5th 204, 216). However, it is an equally fundamental principle of tort law that tortious conduct may consist of either an act or an omission. (Rest.2d Torts, § 6; *KFC Western, Inc. v. Meghrig* (1994) 23 Cal.App.4th 1167, 1181 [" ' "[T]ortious conduct" denotes that conduct, whether of act or omission, which subjects the actor to liability under the principles of the law of torts.' "].) HOA has cited no authority for the proposition that the general "no duty to aid

rule" operates to effectively modify the equally well-established understanding that tortious conduct may consist of an act or omission, and we see no reason to adopt such an interpretation here.

Moreover, California courts have held that an omission or "inaction" may support a finding of substantial assistance for purposes of an aiding and abetting claim in a variety of factual scenarios. An omission may constitute substantial assistance where the omission is itself independently tortious. (*Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 846 ["Liability may also be imposed on one who aids and abets . . . if the person . . . gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person."]; *American*, *supra*, 225 Cal.App.4th at p. 1477 [Aiding and abetting may arise "when the aider and abettor commits an independent tort."].) Likewise, a decision not to act may constitute substantial assistance when considered in combination with other affirmative acts or representations. (See *Schulz v. Neovi Data Corp.* (2007) 152 Cal.App.4th 86, 94-95 [A defendant's decision to take no action to stop its payment processing services from being used in the operation of an illegal lottery can constitute substantial assistance where the defendant also gave assurances that it would continue providing its services despite knowledge of the operation's illegality.].) And the failure to exercise a reserved discretionary right to prevent known tortious conduct by another may constitute substantial assistance. (*Liapes*, *supra*, 95 Cal.App.5th at p. 927 [A social media website's decision to permit advertisers to engage in discriminatory practices on its

13

platform, "despite . . . retaining the discretion to reject ads that include [discriminatory] restrictions," may constitute substantial assistance.].)

Thus, whether an act or omission constitutes substantial assistance for the purpose of establishing an aiding and abetting claim is highly contextual and depends on the facts of each case. In our view, HOA's suggestion that any conduct that constitutes "inaction" cannot, as a matter of law, constitute substantial assistance represents an unwarranted extension of the "no duty to aid rule," well beyond the rule's intended application or its application in actual practice. Instead, the question of whether the "no duty to aid rule" set forth in *Fiol* applies to preclude aiding and abetting liability must be determined based upon the specific allegations and facts of each case.

C. *HOA Was Not Entitled to Judgment on the Pleadings*

We next address HOA's contention that the trial court erred because HOA was entitled to summary adjudication as a matter of pleading. According to HOA, the operative complaint disclosed that plaintiffs' 11th cause of action "rests solely on [HOA's] alleged inaction"; there are "no allegations in the Complaint to support a theory . . . that [HOA] encouraged or supported" the alleged FEHA violations; and, as a result, the no duty to aid rule set forth in *Fiol* can be applied to this case based upon the pleadings alone "without any evidence." We conclude that the trial court had discretion to disregard that argument based upon the procedural history of this case and further conclude that, even if the trial court had considered the merits of that argument, HOA would not have been entitled to adjudication in its favor based upon the pleadings.

14

1. <u>General Legal Principles and Standard of Review</u>

" ' "Summary adjudication motions are 'procedurally identical' to summary judgment motions." ' " (*Blue Mountain Enterprises*, *LLC v. Owen* (2022) 74 Cal.App.5th 537, 548.) " 'The procedure for resolving a summary judgment motion presupposes that the pleadings are adequate to put in issue a cause of action . . . . However a pleading may be defective in failing to allege an element of a cause of action . . . . In such a case, the moving party need not address a missing element or, obviously, respond to assertions which are unintelligible or make out no recognizable legal claim." (*Stolz v. Wong Communications Limited Partnership* (1994) 25 Cal.App.4th 1811, 1817 (*Stolz*).)

Thus, "[a] summary judgment motion necessarily includes a test of the pleadings and can become a motion for judgment on the pleadings." (*Stolz*, *supra*, 25 Cal.App.4th at p. 1817; *Wood v. Riverside General Hospital* (1994) 25 Cal.App.4th 1113, 1119 ["A motion for summary judgment may effectively operate as a motion for judgment on the pleadings."]; *Prue v. Brady Co./San Diego*, *Inc.* (2015) 242 Cal.App.4th 1367, 1375 [same].) Normally, " '[a] judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action. [Citations.] A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review.' " (*People ex rel. Harris v. Pac Anchor Transportation*, *Inc.* (2014) 59 Cal.4th 772, 777.)

However, in seeking summary judgment or adjudication, the "moving party must state with specificity each of the grounds of law upon which it is relying in alleging that the action has no merit" (*Juge v. County of Sacramento* (1993) 12 Cal.App.4th 59, 67);

15

and, "[a]s a general matter, a trial court hearing a summary [adjudication] motion is only *obligated* to consider the grounds for summary [adjudication] that are 'identified in the moving papers' " (*Pereda v. Atos Jiu Jitsu LLC* (2022) 85 Cal.App.5th 759, 766). Consideration of alternative grounds for summary adjudication that are not identified in the moving papers is a matter within the discretion of the trial court (*Pereda*, at p. 766; *San Diego Watercrafts*, *Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 315-316 [trial court has discretion to consider evidence not referenced in separate statement of moving party as alternative ground for granting summary judgment]), and we review the decision to consider or not consider such grounds for abuse of discretion (*Brown v. El Dorado Union High School Dist.* (2022) 76 Cal.App.5th 1003, 1019).

2. Application

In this case, the record shows that HOA never argued the inadequacy of the operative complaint as a basis for granting summary judgment or summary adjudication in its moving papers.[7] The first time HOA made this argument was at the hearing on summary judgment, and the record shows that the trial court elected not to address this new argument when adopting its tentative ruling as the final ruling on the motion.

By waiting until the hearing on summary adjudication to raise an entirely new ground for granting its motion, HOA deprived the trial court of the benefit of written briefing on the issue; prevented plaintiffs from having a meaningful opportunity to

---

[7] Instead, HOA argued that: "[p]laintiffs cannot establish that HOA knew that MS Foods' conduct violated the FEHA"; plaintiffs "cannot . . . prov[e] concerted activity between HOA and MS Foods to commit FEHA violations"; and that there was a "lack of . . . evidence" to support an aiding and abetting claim.

16

consider the argument and prepare a response (*Pereda*, *supra*, 85 Cal.App.5th at p. 766 [Consideration of a new argument is appropriate only where "doing so does not deny the opposing party due process because that party ' "has notice of and an opportunity to respond to those grounds." ' "]); and deprived plaintiffs of the opportunity to timely seek amendment of the complaint to cure any purported pleading defects (see *Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1253 [Generally, a plaintiff seeking leave to amend the complaint must do so prior to the hearing on a motion for summary judgment.]). Under the circumstances, we see no basis to conclude the trial court abused its discretion in declining to consider HOA's belated request for judgment on the pleadings as an alternative ground for granting HOA's motion.

Normally, our consideration of HOA's argument would end at this point. Appellate courts "are not obliged to consider arguments or theories . . . that were not advanced by [a party] in the trial court" or "possible theories that were not fully developed or factually presented to the trial court . . . ." (*DiCola v. White Brothers Performance Products, Inc.* (2008) 158 Cal.App.4th 666, 676.) And we are " 'loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider.' " (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 700 (*Meridian*).) However, we have discretion to consider an issue "where the relevant facts are undisputed and could not have been altered by the presentation of additional evidence." (*American Indian Health & Services Corp. v. Kent* (2018) 24 Cal.App.5th 772, 789.) We exercise our discretion to consider whether HOA was entitled to judgment on the pleadings in this case because the

17

sufficiency of the allegations in the operative complaint presents a pure question of law that cannot be altered by the presentation of additional evidence, the parties have now had an opportunity to fully brief this issue, and addressing the issue will aid the parties and the trial court in future proceedings.

Nevertheless, we conclude that HOA's contention that the operative complaint "confirm[s] that [plaintiffs'] basis for aiding and abetting rests solely on [HOA's] alleged inaction" is unsupported by the record. In making this argument, HOA selectively identifies paragraphs from a portion of the operative complaint entitled "general allegations" to argue that the aiding and abetting cause of action alleged by plaintiffs is premised "solely" on alleged inaction. However, HOA omits other allegations that clearly contradict its desired characterization.

Specifically, plaintiffs alleged that HOA provided "substantial assistance" to the other defendants in the commission of FEHA violations by: "(1) providing [MS Foods] with training, (2) providing [Saifie and MS Foods] with policies and/or procedures to follow to avoid legal liability, (3) providing [Saifie and MS Foods] with legal, administrative, human resources and/or investigatory support so to assist [MS Foods] in avoiding liability for unlawful acts in the workplace, (4) refusing to individually investigate complaints of harassment and/or retaliation it was placed on notice of despite its ability to and/or (5) refusing to exercise its rights to revoke [Saifie and MS Foods's] license as a franchisee despite its ability to per its franchise agreement . . . ." Thus, the operative complaint on its face shows that plaintiffs alleged a combination of omissions and affirmative conduct as the basis for aiding and abetting liability.

18

Under a fair reading of the operative complaint, HOA's failure to terminate its franchise agreement is only one of multiple acts and omissions alleged to constitute substantial assistance in support of the aiding and abetting cause of action. Because the operative complaint alleges a combination of omissions and affirmative acts as the basis for aiding and abetting liability, the allegations do not, on their own, establish that the "no duty to aid rule" set forth in *Fiol* applies to this case. As such, HOA was not entitled to judgment on the pleadings, and we proceed to analyze the propriety of the trial court's order denying summary adjudication.

## D. *The Trial Court Did Not Err in Denying Summary Adjudication*

### 1. Standard of Review and Issues Framed by the Pleadings

"Appellate courts independently review an order granting summary judgment or summary adjudication. [Citation] In performing this independent review, appellate courts apply the same three-step analysis as the trial court." (*Moreno v. Visser Ranch, Inc.* (2018) 30 Cal.App.5th 568, 578; *Mosley v. Pacific Specialty Ins. Co.* (2020) 49 Cal.App.5th 417, 422 (*Mosley*).) " 'First, we identify the issues framed by the pleadings. . . . [¶] Second [], we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in movant's favor. [Citations.] [¶] . . . [T]he third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue.' [Citation.] [W]e construe the moving party's affidavits strictly, construe the opponent's affidavits liberally, and resolve doubts about the propriety of granting the motion in favor of the party opposing it.' " (*Mosley*, at pp. 422-423.)

19

As we have already detailed, the only cause of action at issue in this writ proceeding is the 11th cause of action for aiding and abetting violations of the FEHA, which involves showing at least four essential elements: (1) the plaintiff's employer subjected the plaintiff to violations of the FEHA; (2) the defendant knew that the plaintiff's employer's conduct violated the FEHA; (3) the defendant gave "substantial assistance or encouragement" to the plaintiff's employer in violating the FEHA; (4) the assistance or encouragement was a substantial factor in causing the violation of the FEHA. (*Smith*, *supra*, 64 Cal.App.5th 138 at p. 146; *Alch*, *supra*, 122 Cal.App.4th at p. 389; *American*, *supra*, 225 Cal.App.4th at p. 1476; *Navarrete*, *supra*, 237 Cal.App.4th at p. 1286.) These were elements to which HOA was called upon to respond in seeking summary adjudication.

2. <u>HOA Failed To Meet Its Initial Burden on Summary Adjudication</u>

" 'To carry its initial burden when the motion is directed to the plaintiff's case rather than an affirmative defense, a defendant must present evidence that either "conclusively negate[s] an element of the plaintiff's cause of action" or "show[s] that the plaintiff does not possess, and cannot reasonably obtain," evidence necessary to establish at least one element of the cause of action.' " (*Campbell v. FPI Management, Inc.* (2024) 98 Cal.App.5th 1151, 1162; *Gray v. La Salle Bank, N.A.* (2023) 95 Cal.App.5th 932, 947.) In moving for summary adjudication, HOA attempted to meet this burden in three ways: (1) negating the element of knowledge of MS Foods or Saifie's FEHA violations; (2) negating the essential element of substantial assistance; and (3) arguing that plaintiffs

20

did not possess evidence necessary to show substantial assistance. As explained below, HOA failed to satisfy its initial burden with respect to each of these grounds.

*a. The evidence presented failed to negate the essential element of knowledge*

With respect to the essential element of knowledge, HOA's own facts showed that Smith never communicated any employment-related complaints directly to HOA; but, it conceded that Garcia communicated directly with HOA regarding employment-related complaints, and further conceded that HOA's franchise business director and in-house counsel were aware of Garcia's complaints. In our view, these facts, even if accepted as true and left undisputed, are not sufficient to negate the essential element of knowledge entitling HOA to summary adjudication.

We agree that the facts permit a reasonable inference that HOA lacked knowledge of FEHA violations against Smith. However, this showing did not entitle HOA to summary adjudication given the procedural posture of this case. "A motion for summary adjudication shall be granted only if it completely disposes of a cause of action, an affirmative defense, a claim for damages, or an issue of duty." (Code Civ. Proc., § 437c, subd. (f)(1).) Additionally, "[a] motion for summary adjudication tenders only those issues or causes of action specified in the notice of motion, and may only be granted as to the matters thus specified." (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 743-744.) In this case, negating knowledge of FEHA violations against Smith would not dispose of the cause of action because Garcia is also a plaintiff in this cause of action. Additionally, HOA's notice in this case requested only summary adjudication of the

entire 11th cause of action for aiding and abetting and did not request adjudication of any issues short of disposing of the entire cause of action. Thus, even assuming that the evidence presented would preclude Smith from prevailing at trial, this would not entitle HOA to summary adjudication.

HOA argues that its evidence was still sufficient to negate the essential element of knowledge because Garcia's communications constituted "mere allegations" and not "conclusive proof that [a] provisio[n] of the FEHA [has] been violated," such as information that the employer has been found in violation of the FEHA by a tribunal or fact finder. In our view, the exacting evidentiary showing suggested by HOA is extraordinary and unwarranted in this case.[8] Nevertheless, we need not discuss the point in detail because, even assuming such a showing is required to establish the element of knowledge, HOA's evidence would still be insufficient to satisfy its burden as the moving party seeking summary adjudication.

In trying to conclusively negate an essential element of the plaintiff's case, a defendant seeking summary adjudication "initially 'must present evidence that would require a reasonable trier of fact *not* to find an underlying material fact more likely than not . . . .' " (*Bushling v. Fremont Medical Center* (2004) 117 Cal.App.4th 493, 507;

---

[8] Even where the trier of fact is required to find actual knowledge, this "does not mean that the [trier of fact] [cannot] rely exclusively on circumstantial evidence to support such a finding. The only limit on the [trier of fact's] reliance on inferences from circumstantial evidence to establish actual knowledge is that those inferences may not be speculative or conjectural." (*People v. ConAgra Grocery Products Co.* (2017) 17 Cal.App.5th 51, 84-85.) An inference of actual knowledge is reasonable when the "circumstantial evidence must suggest that the defendant must have known of the matter . . . ." (*RSB Vineyards*, *LLC v. Orsi* (2017) 15 Cal.App.5th 1089, 1098.)

*Zamora v. Security Industry Specialists*, *Inc.* (2021) 71 Cal.App.5th 1, 33 [" ' " ' "[T]he burden rests with the moving party to negate the plaintiff's right to prevail on a particular issue." ' " ' "], italics omitted.)  Thus, in the context presented here, HOA's burden was to present evidence that would permit a jury to conclude that HOA *lacked* the necessary knowledge of a FEHA violation.

Yet all HOA did as the moving party was present the declaration of its franchise business director stating that he had received Garcia's complaints and initiated an investigation into her allegations.  However, showing that HOA had knowledge of certain facts does not constitute a showing that HOA lacked knowledge of other, unmentioned facts.  The director did not attest that Garcia's complaints were the only source of information he had related to her claims.  Nor did HOA attempt to show that this director was the only person working for HOA who may have obtained information regarding Garcia's claims.[9]  Thus, HOA's evidence was insufficient to negate the element of knowledge, regardless of the strength of the evidence plaintiffs may be required to produce in order to meet their burden at the time of trial.

In its traverse, HOA directs our attention to additional evidence not mentioned in its moving papers and argues that its lack of knowledge can also be inferred from this

---

[9]  If anything, HOA's evidence was susceptible to reasonable inferences to the contrary.  HOA's own facts suggest that its in-house counsel was also a potential recipient of information related to Garcia's claims; the franchise business director was in direct communication with Saifie; and the franchise business director undertook an unspecified investigation into Garcia's compaints.  Certainly, the fact that the franchise business director conducted an investigation gives rise to a reasonable inference that he had more than one source from which to obtain information regarding Garcia's complaints.

23

evidence. However, " '[t]he court's assessment of whether the moving party has carried its burden . . . occurs *before* the court's evaluation of the opposing party's papers. . . . [T]he burden on the motion does not initially shift as a result of what is, or is not, contained in the opposing papers. . . . [T]his conclusion applies with equal force on appeal.' " (*Mosley*, *supra*, 49 Cal.App.5th at pp. 434-435 ["[I]f the defendant . . . fails to meet [its] initial burden . . . , it is unnecessary to examine the plaintiff's opposing evidence; the motion must be denied."]; *Aguilar*, *supra*, 25 Cal.4th at p. 850; *Union Pacific Railroad Co. v. Ameron Pole Products LLC* (2019) 43 Cal.App.5th 974, 979 [same].) We observe that all of the additional evidence HOA references in its traverse was produced by plaintiffs in opposition to summary judgment. Thus, the trial court was not required to consider this evidence in assessing whether HOA met its initial burden, and we decline to do so here.[10]

---

[10] While it is true that "gaps in a [moving] party's evidentiary showing may certainly be filled by the opposing party's evidence" (*Salma v. Capon* (2008) 161 Cal.App.4th1275, 1289; *Villa v. McFerren* (1995) 35 Cal.App.4th 733, 750-751), we decline to do so in this case for two reasons. First, despite receiving a tentative ruling expressing the view that HOA's evidence failed to meet its initial burden, HOA never argued that its deficient showing could be cured by reference to opposition evidence; and a party forfeits a claim of error by failing to "raise or develop [an] argument in the trial court." (*LAOSD Asbestos Cases* (2023) 87 Cal.App.5th 939, 955; *Bitner v. Department of Corrections & Rehabilitation* (2023) 87 Cal.App.5th 1048, 1065; *Meridian*, *supra*, 67 Cal.App.5th at p. 704.) Second, HOA made no reference to this evidence in its petition, instead raising this point for the first time in its traverse; and in a writ proceeding, a petitioner will generally be deemed to have waived an argument that is made for the first time in a traverse. (*People v. Superior Court (Tapia)* (2023) 93 Cal.App.5th 394, 405, fn. 23; *Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 559 ["Fairness militates against allowing an appellant to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue."].)

*b. The evidence presented failed to negate the essential element of*

*substantial assistance*

Likewise, the record does not show that HOA presented any evidence to negate each theory of substantial assistance alleged in the operative complaint. In its moving papers, HOA cited to the same facts showing that Garcia communicated directly with HOA on two occasions to make employment-related complaints; HOA's franchise business director received and then forwarded these communications to Saifie; and HOA's in-house counsel corresponded directly with Garcia to inform her that HOA would conduct an investigation. We fail to see how these facts address the material allegations of the operative complaint, which alleged that HOA provided substantial assistance by: "(1) providing [MS Foods] with training, (2) providing [Saifie and MS Foods] with policies and/or procedures to follow to avoid legal liability, (3) providing [Saifie and MS Foods] with legal, administrative, human resources and/or investigatory support so to assist [MS Foods] in avoiding liability for unlawful acts in the workplace, (4) refusing to individually investigate complaints of harassment and/or retaliation it was placed on notice of despite its ability to and/or (5) refusing to exercise its rights to revoke [Saifie and MS Foods's] license as a franchisee despite its ability to per its franchise agreement . . . ."

Even if we had been persuaded by HOA's argument that "inaction" could not constitute substantial assistance as a matter of law, this would only have disposed of the last two theories of substantial assistance alleged in the pleading. It would not have relieved HOA of the burden to present evidence to negate the first three theories alleging

25

affirmative conduct, such as the provision of training, policies, procedures, and administrative support designed to assist MS Foods and Saifie in avoiding legal liability for FEHA violations. In both its petition and traverse, HOA has made no effort to direct our attention to any such evidence addressing these allegations.[11] Nor has our independent review of the evidence submitted in support of summary adjudication revealed any such evidence.[12]

" 'If a plaintiff pleads several theories, the defendant has the burden of demonstrating there are no material facts requiring trial on any of them. "The moving defendant whose declarations omit facts as to any such theory . . . permits that portion of the complaint to be unchallenged." ' " (*Tesselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 163.) In such circumstances, the defendant has failed to meet his burden and summary judgment must be denied regardless of the plaintiff's showing in opposition. (*Id.* at pp. 161-162; *Jameson v. Desta* (2013) 215 Cal.App.4th 1144, 1165 ["Having failed to address . . . allegations pertaining to [a] theory of liability, [defendant] failed to

---

[11] HOA's verified petition did not identify any facts or evidence presented with its motion for summary adjudication directed towards these allegations; its accompanying memorandum did not include any facts related to these allegations in its factual summary or argument; and its traverse also failed to identify any facts or evidence related to these allegations.

[12] In fact, HOA's proffered facts admitted that it provided "certain training and assistance" to franchisees, provided "manuals, guidelines, [and] training" to franchisees, and made exemplar employee handbooks and "other guidance materials for reference purposes only" available for franchisees. HOA did not attach these documents to its motion, instead providing only the disclaimer pages advising that franchisee use of its materials were optional and not required or mandated. Thus, there was no evidence upon which the trial court could rely to conclude that HOA's training and materials did not provide the assistance or encouragement alleged in the operative complaint.

26

carry his 'initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact.' "].)  Because HOA's motion for summary adjudication entirely neglected to address three pleaded theories, HOA failed to meet its initial burden to negate the essential element of substantial assistance.

### c. *The evidence presented failed to show the absence of evidence*

Finally, we conclude that HOA failed to satisfy its initial burden to the extent it sought to obtain summary adjudication based upon plaintiffs' purported lack of evidence to prove their claims.

"[R]ather than affirmatively disproving or negating an element . . . , a defendant moving for summary [adjudication] has the option of presenting evidence reflecting the plaintiff does not possess evidence to prove that element." (*Leyva v. Garcia* (2018) 20 Cal.App.5th 1095, 1102 (*Leyva*); *Aguilar*, *supra*, 25 Cal.4th at p. 854.)  While merely arguing the absence of evidence may be sufficient to obtain summary adjudication in federal practice (see *Certain Underwriters at Lloyd's of London v. Superior Court* (1997) 56 Cal.App.4th 952, 958; *Krantz v. BT Visual Images*, *L.L.C.* (2001) 89 Cal.App.4th 164, 170-171 (*Krantz*)), "[n]o California case has concluded that a party moving for summary judgment can simply *argue* there is an 'absence' of facts to support the opposing party's case" (*Schieding v. Dinwiddie Const. Co.* (1999) 69 Cal.App.4th 64, 81).

Instead, California law "still diverges from federal law" in that it "continues to require a defendant moving for summary judgment to present evidence, and not simply point out that the plaintiff does not possess, and cannot reasonably obtain, needed evidence." (*Aguilar*, *supra*, 25 Cal.4th at p. 854; *Krantz*, *supra*, 89 Cal.App.4th at

27

pp. 173-174 ["There must be some 'affirmative showing' . . . that plaintiff could not obtain such evidence before summary judgment [is] proper."].) This evidentiary showing "may 'consist of' the deposition testimony of the plaintiff's witnesses, the plaintiff's factually devoid discovery responses, or admissions by the plaintiff in deposition or in response to requests for admission that he or she has not discovered anything that supports an essential element of the cause of action." (*Leyva*, *supra*, 20 Cal.App.5th at p. 1102; *Chavez v. Glock, Inc.* (2012) 207 Cal.App.4th 1283, 1302; *Cassady v. Morgan, Lewis & Bockius LLP* (2006) 145 Cal.App.4th 220, 240.) However, "[a]rgument alone is insufficient." (*Cassady*, at p. 240.)

Here, HOA merely asserted in its moving papers that "HOA never encouraged, supported, or assisted MS Foods or Saifie in committing any alleged FEHA violations. The lack of such evidence dooms Plaintiff's aiding and abetting claim." HOA did not cite to any facts set forth in its separate statement and did not cite to any evidence in its appendix of evidentiary exhibits to support its assertion. Nor does our review of the record disclose that HOA attached any discovery responses, deposition testimony or other evidence that would suggest plaintiffs admitted the absence of evidence to prove the substantial assistance element of the cause of action. HOA merely asserted the absence of evidence and proceeded as if making the assertion was sufficient to shift the burden to plaintiffs. This was not sufficient to satisfy HOA's initial burden as the moving party seeking summary adjudication, and plaintiffs were under no obligation to identify or produce any evidence in response.

As the moving party seeking summary adjudication, HOA bore the burden to either produce evidence to negate an essential element of plaintiffs' claim or produce evidence to show that plaintiffs did not possess, and could not reasonably obtain, evidence to prove their claim. Because we agree with the trial court that HOA failed to meet its initial burden as the moving party, we need not address whether the evidence presented in opposition by plaintiffs showed a genuine dispute of fact. (*Mosley*, *supra*, 49 Cal.App.5th at p. 435; *Y.K.A. Industries, Inc. v. Redevelopment Agency of City of San Jose* (2009) 174 Cal.App.4th 339, 353-354; *Dix v. Live Nation Entertainment, Inc.* (2020) 56 Cal.App.5th 590, 604-605.) As such, the trial court did not err in denying HOA's request for summary adjudication of the 11th cause of action for aiding and abetting violations of the FEHA or the 12th cause of action for violation of the UCL.

## IV.  DISPOSITION

The petition for writ of mandate is denied. The previously ordered stay is vacated upon issuance of the remittitur (Cal. Rules of Court, rule 8.490(d)), and plaintiffs shall recover their costs of this writ proceeding (*id.* at rules 8.490(d), 8.493(a)(1)).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____
J.

We concur:

RAMIREZ_____
P. J.

MENETREZ_____
J.

29